<div style="text-align:center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC, | Case No.  4:25-cv-06941-KAW |
| Plaintiff, | **ORDER DENYING MOTION FOR SERVICE BY PUBLICATION** |
| v. | Re: Dkt. No. 13 |
| SABRINA CASTANEDA, | |
| Defendant. | |

On March 17, 2026, Plaintiff Mayflower Transit, LLC filed a motion to authorize service by publication on Defendant Sabrina Castaneda. (Pl.'s Mot., Dkt. No. 13.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion for service by publication without prejudice.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1).  Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that
> ...
> (1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). The question for the Court, therefore, is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

<div style="writing-mode:vertical-rl">United States District Court<br>Northern District of California</div>

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of §415.50(a), a court must examine the affidavit required by the statute to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' ... denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford,* 10 Cal.4th 743, 749 n. 5 (1995).  Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel,* 87 Cal. App. 3d at 332. The chosen method must be "reasonably certain to inform those affected ... or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts,* 10 Cal.4th at 749 (internal citations omitted). That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Donel,* 87 Cal. App. 3d at 333.

## II.    DISCUSSION

Here, Plaintiff seeks permission to serve Defendant by publication, rather than by other means. (Pl.'s Mot. at 1.)  Specifically, Plaintiff seeks to serve Defendant through publication in the Daily Journal, which it contends is a "newspaper of general circulation in San Mateo County." *Id.* at 3.  In support of this request, Plaintiff has submitted a declaration from counsel Gregg S. Garfinkel, which states that he made the following efforts to locate Defendant:

> (a) Sending a letter certified mail to 319 Hillcrest Avenue, Grosse Pointe Farms, MI 48236 date on June 12, 2025. This was returned.
>
> (b) We sent out a process server on October 21, 2025, October 23, 2025, October 25, 2025, October 26, 2025, and November 1, 2025. The server spoke with a neighbor and the office, and they would not provide any information.
>
> (c) We conducted a LexisNexis search on September 23, 2025

2

United States District Court
Northern District of California

(Garfinkel Decl., Dkt. No. 13-2 ¶ 2.)

The Court finds that Plaintiff's showing is insufficient to warrant service by publication. Although Plaintiff has made some attempts to effect service, Plaintiff has failed to show that it "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel,* 87 Cal. App. 3d at 333. Indeed, nowhere in the declaration or motion does Plaintiff explain exactly how the search conducted was diligent. For example, counsel attests to skip tracing using Lexis Nexis, but he does not explain what efforts followed the skip tracing. (*See generally* Garfinkel Decl.) Moreover, the motion only indicates that personal service was attempted at Defendant's last known address, and there appears to have been no attempt to personally serve Defendant at any of the addresses obtained by way of skip tracing. Indeed, attempting to serve by mail at one of the addresses identified by the Lexis Nexis search[1] and having the letter returned is not diligent. The Court notes that Plaintiff has provided no indicia that Defendant is even located in San Mateo County, such that service by publication in San Mateo County would be appropriate. Thus, Plaintiff must engage in further investigation before service by publication is warranted.

Finally, Plaintiff is advised that the Court is not inclined to permit service through a legal publication, as it is less likely to confer notice than a newspaper with general circulation.

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for service by publication is DENIED without prejudice. Plaintiff may file another motion for service by publication or alternative means if it cannot locate Defendant after having exercised reasonable diligence.

IT IS SO ORDERED.

Dated: June 22, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court notes that the exhibits are not marked, identified, explained, nor authenticated by the Garfinkel Declaration. Counsel is advised that all exhibits must be marked and described in the supporting declaration.

3